AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF  MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

MICHAEL FOWLER a/k/a MICHAEL SMITH
50 County Way, Portland, ME  04102

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: Magistrate Judge
Case # 2004m 0479 RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___or between 1/1/02 and 1/22/04___ in ___Essex___ county, in the _____ District of ___Massachusetts___ defendant(s) did, (Track Statutory Language of Offense)

SEE ATTACHMENT A

in violation of Title _____ United States Code, Section(s) _____ SEE ATTACHMENT B .

I further state that I am a(n) ___ATF agent___ and that this complaint is based on the following
                                    Official Title
facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

**SEP 27 2004** at 2:25 pm   at  Boston, Massachusetts
Date                                                             City and State

ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE                 _____
Name & Title of Judicial Officer                             Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**ATTACHMENT A**

not being a licensed importer, manufacturer or dealer under the provisions of Title 18, United States Code, did willfully engage in the business of dealing in firearms without a license; having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, in and affecting commerce; did possess firearms which had the importer's or manufacturer's serial number obliterated, or altered, and had, at any time, been shipped or transported in interstate or foreign commerce; did, not being a licensed importer, manufacturer, licensed dealer, or licensed collector, did purchase firearms outside of the state where he resided and did transport them into or receive them in the state where he resided; did possess four firearm silencers, meaning any device for silencing, muffling, or diminishing the report of a portable firearm, without having registered them in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841; did make, manufacture, put together or otherwise produce four firearm silencers, meaning any device for silencing, muffling, or diminishing the report of a portable firearm; did possess an identification document that is or appears to be an identification document of the United States whihc was produced without lawful authority with knowledge that it was produced without lawful authority.

**ATTACHMENT B**

Statutes Violated

18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 922 (g)(1); 18 U.S.C. § 922(k); 18 U.S.C. § 922(a)(3); 26 U.S.C. §5861 (d); 26 U.S.C. § 5861 (f); 18 U.S.C. § 1028 (a)(6).



## AFFIDAVIT

I, Michael Oppenheim, being duly sworn, depose and state as follows:

1. I am a Special Agent ("SA") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been a Special Agent with ATF for approximately three years and during that time I have been involved in numerous investigations of violations of federal firearms laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with the Boston Police Department to uncover violations of laws related to federal firearms, explosives and controlled substance laws in the City of Boston. Based upon my training and experience as an ATF Special Agent, I am familiar with federal firearms laws. I know that it is a violation of federal law to engage in the business of dealing in firearms without a license, to possess a firearm with an obliterated serial number or to purchase firearms outside of one's state of residence and to bring them into one's state of residence. I know that it is a violation of federal law for a felon to possess a firearm or ammunition that has traveled in interstate commerce. I also know that it is a violation of federal law to possess or to make an unregistered silencer.

2. I am submitting this affidavit in support of an application for a complaint against Michael FOWLER, a/k/a Michael Smith (YOB: 1970) ("FOWLER") for violations of 18 U.S.C. § 922(a)(1)(A) (engaging in the business of dealing in firearms without a license), 18 U.S.C. § 922(g)(1) (felon in possession of firearms and ammunition), 18 U.S.C. § 922(k), (possession of firearms with obliterated serial numbers), 18 U.S.C. § 922(a)(3)(transporting firearms into one's state of residence), 26 U.S.C. § 5861(d) (possession of unregistered firearms), 26 U.S.C. § 5861(f) (making unregistered firearms), 18 U.S.C. § 1028(a)(6) (possession of a false identification document).

3. The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I believe are sufficient to establish the requisite probable cause.

4. On January 15, 2003, the Boston Police arrested an individual with a firearm with an obliterated serial number. That firearm, a Glock Model 21, .45 caliber semi automatic pistol, was examined by the Boston Police Crime Laboratory. The Laboratory was able to raise a portion of the previously obliterated number, "ABS 441". The laboratory also determined

2

that the serial number had been removed by sanding the metal down to hide the number. I contacted Glock, Inc. and learned that the number restored by the Boston Police Department was only a partial serial number and that the actual serial number on that firearm was "ABS441US." I also determined that a number plate bearing that serial number would have been attached to the firearm at the time it was manufactured. The serial number plate was missing when the gun was recovered.

5. ATF traced the firearm and identified the last known purchaser, a resident of Maine. That individual was interviewed by ATF. He told ATF that he had placed an advertisement for the firearm in *Uncle Henry's*, a regional publication through which private individuals offer a wide variety of items for sale, including firearms. The last known purchaser told ATF that FOWLER (whom he knew as Michael Smith) purchased the gun from him at his residence in Maine on December 8, 2002. As part of the sale, the last known purchaser provided Fowler with two and one-half boxes of .45 caliber ammunition and a black shoulder holster. The last known purchaser provided ATF with a receipt for that transaction from Michael Smith. The receipt included information from a Maine driver's license that FOWLER had obtained under the name Michael Smith. The last known purchaser described FOWLER'S, a/k/a Smith's, appearance in a manner consistent with Fowler's appearance, and noted that FOWLER drove

3

a pick up truck with Massachusetts license plates. He told ATF that because he saw the Massachusetts license plates, he insisted on viewing Fowler's, a/k/a Smith's, Maine driver's license.

6. The last known purchaser was shown a photo array but selected the photograph of an individual other than FOWLER as the person who most closely resembled the individual to whom he sold the firearm. His wife was present when FOWLER purchased the firearm from her husband and she was able to identify FOWLER from the photo array as the person she knew as Michael Smith, the man who purchased her husband's Glock Model 21, .45 caliber pistol, serial number ABS441US. The time period between the date the last known purchaser sold this gun to FOWLER and the date it was recovered by the Boston Police was 28 days. The serial number plate that was attached to this firearm at the time it was manufactured was recovered in the search of the garage located at FOWLER'S residence in Lynn, Massachusetts in January, 2004. FOWLER has been charged with felon in possession of a firearm in the United States District Court in Maine based upon possession of this gun.

7. A number of additional firearms with obliterated serial numbers were recovered by the Boston Police and other law enforcement agencies over the next several months and were eventually traced back to FOWLER, through the process of

4

restoring the serial numbers and tracing the firearms. Through this investigation, I learned that FOWLER used the Maine driver's license that he had obtained under the name of Michael Smith as identification during several of the firearms purchases in Maine.

8. A second firearm, a Bryco Model 48, .380 caliber, semi-automatic pistol with an obliterated serial number, that was restored and found to be "406069", was traced back to FOWLER. This gun was recovered by law enforcement on February 14, 2003. Through the tracing process, ATF learned that this gun was sold to FOWLER (whom he knew as Michael Smith) in Maine by a resident of that state who had advertised the gun for sale in *Uncle Henry's* in January, 2003. The time frame between the date that FOWLER purchased the gun and the date it was recovered by law enforcement was less than 25 days.

9. The third and fourth guns that traced back to FOWLER were recovered in a car stopped by the Quincy Police Department on January 26, 2004. One of the guns, a Beretta, Model 92, 9mm semi-automatic pistol with an obliterated serial number, later restored as L46687Z, was recovered from under the front passenger seat of the car. The trace of that gun revealed that the last known purchaser had advertised the gun for sale in *Uncle Henry's* and sold it to FOWLER (whom he knew as Michael Smith) in New Hampshire in November, 2003. The time frame between the date that FOWLER purchased the gun and the date that it was recovered

5

by law enforcement was less than 90 days. The other gun, a Walther P99, 9mm semi-automatic pistol with an obliterated serial number, later restored as 14449, was also recovered under the front passenger seat of this car. That gun traced back to a New Hampshire resident who told ATF that he had advertised the gun for sale in *Uncle Henry's* and sold that gun to FOWLER (whom he knew as Michael Smith) in approximately December, 2003. The time frame between the date that FOWLER purchased the gun and the date that it was recovered by law enforcement was approximately 60 days.

10. A fifth gun that traced back to FOWLER was recovered by the Boston Police on August 23, 2003. That gun, a Glock Model 22, .40 caliber semi-automatic pistol with an obliterated serial number, that was later restored as ETB380US, was traced back to a Maine resident. That last known purchaser told ATF that he advertised the gun for sale in *Uncle Henry's* and sold the gun to an individual matching the description of FOWLER in the Fall of 2002. The time period between the time that FOWLER purchased that firearm and the date that it was recovered in Boston was less than one year. The serial number plate that had been attached to this firearm at the time it was manufactured was recovered in a search of the garage located at FOWLER'S residence in Lynn, Massachusetts.

11.  A sixth gun that traced back to FOWLER was recovered from a car stopped by the Massachusetts State Police near Wilmington.  The gun, a Beretta Model 84, 9mm semi-automatic pistol had an obliterated serial number when it was recovered.  The number was restored as E54628Y and traced back to a Maine resident.  That last known purchaser told ATF that he advertised the gun for sale in *Uncle Henry's* and sold that gun to an individual whom he knew as Michael Smith in Maine on November 3, 2002.  The time period between the date FOWLER purchased this firearm and the date it was recovered by the State Police was 137 days.

12.  The seventh gun that traced back to FOWLER was recovered by the MBTA Police Department in Boston on January 3, 2004.  When that gun, a Glock Model 17, 9mm semi-automatic pistol was recovered it had an obliterated serial number.  The number was later restored as HG437US.  The last known purchaser of that firearm was determined to be a Maine resident.  That individual told ATF that he advertised the gun for sale in *Uncle Henry's* and sold the firearm to an individual whom he knew as Michael Smith in Maine on March 29, 2003.  The time period between the date FOWLER purchased the gun and the date it was recovered in Boston was less than 9 months.

13.  An eighth gun that traced back to FOWLER was recovered by the Randolph Police Department on November 3, 2003.  That

firearm, a Glock Model 27, .40 caliber semi-automatic pistol had an obliterated serial number when it was recovered. The number was restored as CXE164US. That firearm was traced back to a Maine resident. That last known purchaser told ATF that he sold this gun to an individual whom he knew as knew as Michael Smith in Maine on January 26, 2003. The serial number plate for this firearm was recovered in the search of the garage located at FOWLER'S residence in Lynn, Massachusetts. The time frame between the date that FOWLER purchased the gun and the date that it was recovered by law enforcement was less than one year.

14. A ninth gun that traced back to FOWLER was recovered by the Boston Police Department on October 31, 2003. That firearm, a Smith and Wesson, Model 4566, .45 caliber semi-automatic pistol had an obliterated serial number when it was recovered. The number was restored as VBH1561. That firearm was traced back to a Maine resident. That last known purchaser told ATF that he advertised the gun for sale in *Uncle Henry's* and sold this gun to an individual in Maine sometime during the summer of 2002. The last known purchaser was shown a photo array including a photograph of FOWLER and identified FOWLER as the individual to whom he sold the firearm. The time period between the date that FOWLER purchased this gun and the date it was recovered in Boston was less than eighteen months.

15. Several other guns that traced back to FOWLER in some

way fall into four general categories. The first category is made up of three firearms. These three guns, a Glock Model 23, .40 caliber semi-automatic pistol bearing serial number FLY185, a Glock, Model 17, 9mm semi-automatic pistol bearing serial number EFU015US and a Taurus Model PT-111, 9mm semi automatic pistol, bearing serial number TVJ81551, have not yet been recovered. However, test fire envelopes containing shell casings fired from each of these weapons by the manufacturers were recovered in the search of the garage located at FOWLER'S residence in Lynn, Massachusetts. ATF interviewed the last known purchaser of the Taurus, Model PT-111, 9mm semi automatic pistol. He told ATF that he advertised the gun for sale in *Uncle Henry's* and sold that gun to FOWLER (whom he knew as Michael Smith) in Maine in April, 2003.

16. The second category is made up of five firearms. These guns, a Glock 23, .40 caliber semi-automatic pistol bearing serial number FBH505US, a Glock Model 34, 9mm semi-automatic pistol bearing serial number DAN6509US, a Smith and Wesson Sigma .40 caliber semi-automatic pistol bearing serial number PBB9183, a Glock, Model 27, .40 caliber semi-automatic pistol bearing serial number CSZ508US, and a Glock Model 19, 9mm semi-automatic pistol bearing serial number BFF443US have not yet been recovered. However, the serial number plates for each of these guns were recovered in the search of the garage located at

FOWLER'S residence in Lynn, Massachusetts in January, 2004. ATF interviewed the last known purchaser of the Glock, Model 19, 9mm semi-automatic pistol bearing serial number BFF443US. He told ATF that he advertised that gun for sale in *Uncle Henry's* and sold that gun to an individual he knew as Michael Smith. He also told ATF that Michael Smith gave him a cell phone number that he could use to contact Smith. ATF has determined that this cell phone number belonged to FOWLER during that time.

17. The third category is made up of five additional firearms. The individual from New Hampshire who sold FOWLER (whom he knew as Michael Smith) the gun that was eventually recovered by the Quincy Police Department, also sold him five other guns, a FEG Model PA 63, 9mm semi-automatic pistol bearing serial number AA0265, a KelTec Model P11, 9mm semi-automatic pistol bearing serial number 34169, a Sig Sauer Model P226, 9mm semi-automatic pistol bearing serial number U509886, a CZ Model 70, .32 caliber semi-automatic pistol bearing serial number 734271 and a Glock Model 23, .40 semi automatic pistol bearing serial number ERP 516. None of these guns have been recovered to date.

18. The fourth category is made up of two firearms. In the search of the garage located at FOWLER'S residence in Lynn, Massachusetts, ATF recovered a serialized factory box for a Beretta Model 92FS, 9mm semi automatic pistol, bearing serial number F40892Z. ATF interviewed the last known purchaser of that

firearm. That individual told ATF that he advertised the gun for sale in *Uncle Henry's* and sold that firearm to FOWLER (whom he knew as Michael Smith) in Maine on October 27, 2002. ATF also recovered the receipt for a Ruger Model P89, 9mm semi-automatic pistol bearing serial number 307-80110 in the search of FOWLER'S apartment. ATF contacted the last known purchaser of the Ruger P89. He told ATF that he advertised the gun for sale in *Uncle Henry's* and sold that gun to FOWLER (whom he knew as Michael Smith) in Maine sometime in 2002. Neither of these guns has been recovered to date.

19. Based upon the ATF investigation, a federal search warrant was obtained for FOWLER's home and garage located at 62 Nahant Street, Room # 2, Lynn, Massachusetts. FOWLER told ATF that some of his belongings were kept in one area of the garage that was located at his residence. During the execution of the search warrant on January 22, 2004, the items listed below were recovered either in FOWLER'S apartment or in the area of the garage that he identified as containing his belongings:

- four silencers
- unassembled parts of silencers
- over 4000 rounds of ammunition, various calibers
- 10 serial number plates from Glock firearms
- 4 serial number plates from Smith and Wesson firearms
- a box and case for a Berretta 92 FSC-P pistol

11

- advertisements for firearms with notations
- receipts and price tags for firearms
- factory test fire shell casings in serialized envelopes
- personal papers in the name of Michael SMITH
- notebooks with firearms transactions recorded
- Dremel rotary tool and abrasive bits
- Skil electric drill with bit and broken bit
- two manuals describing how to build a silencer
- Massachusetts, Maine and Vermont driver's licenses and other identification in the name of Michael SMITH
- altered Social Security Administration documents
- keys to 62 Nahant Street, Room #2, Lynn

20.  I sent the four items that I believed to be firearm silencers to the ATF Firearms Technology Branch for examination. Elizabeth Gillis, a Firearms Enforcement Officer with that division, examined the items and reported that the four firearm silencers I recovered from FOWLER'S garage are silencers or mufflers and constitute firearms under 18 U.S.C. §921 (a)(3) and 26 U.S.C. § 5845 (a)(7).

21.  I contacted the ATF National Firearms Act Branch and determined that Michael FOWLER, a/k/a Michael Smith, never registered a firearm silencer with ATF and that none of the silencers that I recovered from FOWLER'S garage were ever

12

registered with ATF.

22. In his post Miranda statements to ATF, FOWLER admitted that he received orders for guns and bought guns at various locations to fill those orders. FOWLER said that he made approximately $200 on each firearm sale.

23. I contacted the ATF National Licensing Center and determined that Michael FOWLER, a/k/a Michael Smith, was not a federally licensed firearm dealer at any time between October 1, 2001 and January 27, 2004, the time period during which he purchased the firearms that are the subject of this complaint.

24. I have discussed the makes and models of the firearms that are the subjects of the felon in possession of firearms charges with ATF SA Phil Ball, an interstate nexus expert. I have learned from SA Ball that none of the firearms charged in this criminal complaint, other than the two firearms manufactured by Smith and Wesson, was manufactured within the Commonwealth of Massachusetts and therefore they traveled in interstate commerce prior to the time they were possessed in Massachusetts. The Smith and Wesson Sigma, 40 caliber semi-automatic pistol, bearing serial number PBB9183 was purchased by an individual in Maine in March, 1999 and then advertised the gun for sale in *Uncle Henry's* and sold to an individual whom he knew as Michael Smith in Maine on October 27, 2002. The serial number plate that had been attached to that firearm at the time it was manufactured was

13

recovered in the garage located at FOWLER'S residence in Lynn, Massachusetts. The other Smith and Wesson, Model 4566, .45 caliber semi-automatic pistol, bearing serial number VBH1561 was purchased by a Maine resident who sold it to FOWLER in Maine. This firearm was recovered in Boston less than eighteen months after it was sold to FOWLER. Therefore both of the Smith and Wesson firearms traveled in interstate commerce prior to the time they were possessed in Massachusetts.

25. I have had an opportunity to review FOWLER'S criminal record as maintained by the Massachusetts Criminal History Systems Board. Through that review I learned that FOWLER was convicted of trafficking in firearms in Suffolk Superior Court in 1998. I know from my training and experience that this offense is a felony under Massachusetts law and carries a maximum penalty in excess of one year. FOWLER was also convicted of felon in possession of a firearm in the United States District Court for the District of Massachusetts in 1991. I know from my training and experience that this offense is a felony under federal law and carries a maximum penalty in excess of one year.

26. Joseph DeSantis, a Special Agent with the Social Security Administration, Office of the Inspector General, was with me when we reviewed the items that were seized during the search of FOWLER'S residence. We reviewed xeroxed copies of a Social Security Administration card under the name Michael

William Fowler-Smith with FOWLER'S true Social Security number listed that were removed from FOWLER'S residence. According to SA DeSantis, the records of the Social Security Administration reveal that the Social Security Administration card was originally issued in the name Michael Vaughn FOWLER. Through an analysis of the xeroxed copies SA DeSantis determined that it appeared that FOWLER copied the card, removed the name Michael Vaughn FOWLER and added, in its place, Michael William Fowler-Smith. The result was a xeroxed copy of a Social Security Administration card that appears to have been issued in the name Michael William Fowler-Smith with FOWLER's true Social Security number. I know from SA DeSantis that it is a violation of federal law to knowingly possess an identification document that is or appears to be an identification document of the United States which was produced without lawful authority with knowledge that it was produced without lawful authority.

27. Based upon all of the foregoing information, I believe that probable cause exists to conclude that on or about or between January 1, 2002 and January 22, 2004 in Lynn and elsewhere in the District of Massachusetts, Michael FOWLER, not being a licensed importer, manufacturer or dealer under the provisions of Title 18, United States Code, did wilfully engage in the business of dealing in firearms in violation of Title 18, United States Code, Section 922 (a)(1)(A); did knowingly possess

15

firearms and ammunition in and affecting commerce after having been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of Title 18, United States Code, Section 922 (g)(1); did possess firearms with obliterated serial numbers in violation of Title 18, United States Code, Section 922 (k); did purchase firearms outside of the state where he resided and did transport them into or receive them in the state where he resided in violation of Title 18, United States Code, Section 922 (a)(3); did make, manufacture or put together firearm silencers in violation of Title 26, United States Code, Section 5861 (f); did possess firearm silencers without having registered them in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Section 5861(d); and did knowingly possess an identification document that is or appears to be an identification document of the United States

which was produced without lawful authority with knowledge that it was produced without lawful authority in violation of Title 18, United States Code, Section 1028(a)(6).

                                                Michael Oppenheim
                                                Special Agent
                                                Bureau of Alcohol, Tobacco
                                                Firearms and Explosives

Subscribed and sworn to before me this _____ day of September, 2004.

                                                ROBERT B. COLLINGS
                                                UNITED STATES MAGISTRATE JUDGE